IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YULIS YOHANO AVENDANO BARAHONA,

     Petitioner,

v.                                 No. 2:26-cv-1285-KG-JMR

TODD LYONS, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Yulis Barahona's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6.  For the reasons below, the Court denies the petition.

**I.**    ***Background***

Petitioner is a national of Colombia who was arrested by Immigration and Customs Enforcement ("ICE") on January 12, 2026.  Doc. 1 at 9.  She is currently detained at the Otero County Processing Center in New Mexico.  *Id.* at 2.

Petitioner received a bond hearing on July 29, 2025.  Doc. 6 at 2.  The immigration judge ("IJ") denied Petitioner's bond request because Petitioner was found to have "not met her burden of showing that she is not a flight risk" and "as a matter of discretion."  Doc. 1 at 115.  Petitioner challenges her continued detention and seeks release "so that [she] can continue [her] immigration process abroad."  *Id.* at 7.

In its abbreviated response, the Government makes no mention of Petitioner's prior bond hearing and concedes that the legal issues presented here are the same as the Court's prior ruling in *Patel v. Noem*, 2026 WL 103163 (D.N.M.).

1

## II.    Legal Standard

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Relevant here, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention."  *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## III.    Analysis

The Court denies Petitioner's petition, Doc. 1.  Petitioner received a bond hearing on March 5, 2026.  Doc. 1 at 115.  At that hearing, the IJ considered the record and found that Petitioner failed to carry her burden and denied bond.  *Id.*  That is all § 1226 requires.  To the extent that Petitioner challenges the IJ's discretionary bond denial, that challenge is properly directed to the BIA.  The Government is incorrect to assert that the Court's reasoning in *Patel* applies here.  *See* Doc. 6 at 1.  There, the petitioner was improperly classified under 8 U.S.C. § 1225 and never received a bond hearing.  Here, however, Petitioner properly received a bond hearing that was disregarded by the Government brief.  *See* Doc. 1 at 115.

2

***IV.***      ***Conclusion***

The Court denies the Petition, Doc. 1.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.